IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**SAMUEL LEE DARTEZ, II,**

                  **Petitioner,**

      v.                                        CASE NO. 07-3217-SAC

**STATE OF KANSAS,**

                  **Respondent.**

**O R D E R**

This matter is before the court on a petition for writ of habeas corpus under 28 U.S.C. § 2254, filed pro se by a prisoner incarcerated in El Dorado Correctional Facility in El Dorado, Kansas.

District Court Filing Fee

Petitioner has neither paid the $5.00 district court filing fee for this habeas action, 28 U.S.C. § 1914, nor submitted a motion for leave to proceed in forma pauperis without prepayment of the that fee, 28 U.S.C. § 1915. The court grants petitioner additional time to satisfy one of these statutory requirements for proceeding in federal court. Petitioner is advised that the failure to do so will result in the petition being dismissed without prejudice for nonpayment of the district court filing fee.

Apparent Procedural Bars to Federal Habeas Review

Assuming petitioner satisfies the district court filing fee requirement in this matter, the court notes from its review of the record that significant procedural hurdles appear to bar federal habeas review of petitioner's claims.

*Procedural Default on Claims Raised in Direct Appeal*

The record documents that petitioner was convicted on his plea of guilty in two state criminal case (Riley County District Court Cases No. 06-CR-367 and 06-CR-481).  Petitioner's notice of appeal in those cases had not been docketed in the appellate court when petitioner filed a civil motion for post-conviction relief under K.S.A. 60-1507 (Riley County District Court Case No. 07-CV-21).  The state district court dismissed the post-conviction action without prejudice and granted petitioner 30 days to docket his direct appeal out of time to avoid dismissal of petitioner's direct appeal.  On September 18, 2007, the state district court dismissed petitioner's direct appeal, finding petitioner had taken no steps toward docketing the appeal.

On the face of record it thus appears petitioner failed to pursue appellate review of any claim asserted in his direct appeal.  If the state courts do not allow petitioner to raise these claims in a post-conviction motion, federal habeas review of any such claim is now barred absent a showing by petitioner of cause and prejudice for his procedural default in seeking full appellate review by the state courts.  *See* <u>Coleman v. Thompson</u>, 501 U.S. 722, 749 ("In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice.").

The procedural default doctrine bars a federal court's review

2

of a state prisoner's federal claim where the prisoner failed to give the state courts a "full and fair" opportunity to resolve that claim – as the exhaustion doctrine requires – and the prisoner cannot cure that failure because state court remedies are no longer available. *See* O'Sullivan v. Boerckel, 526 U.S. 838, 848 (1999)(procedural default doctrine preserves integrity of the exhaustion doctrine); Coleman, 501 U.S. at 732.

Absent a showing by petitioner of cause and prejudice or of manifest injustice,[1] federal habeas review of any claim to be raised in his direct appeal would be barred.

*No Exhaustion of State Court Remedies on Post-Conviction Claims*

To the extent petitioner seeks federal habeas review of any claim appropriate to raise in a motion for post-conviction relief, it is clear on the face of the record that petitioner has not yet presented any such claim to the state courts in a manner that allowed for review on the merits.

An application for a writ fo habeas corpus under 28 U.S.C. § 2254 may not be granted unless it appears the applicant has either exhausted state court remedies, or demonstrated that such remedies

---

[1] Ordinarily, the existence of cause for a procedural default depends on whether a petitioner is able to show some objective external factor that impeded his efforts to comply with the procedural rule. Murray v. Carrier, 477 U.S. 478, 495-96 (1986). The prejudice prong requires the petitioner to show that he has suffered actual and substantial disadvantage as a result of the default. *See* United States v. Frady, 456 U.S. 152, 170 (1982). The prejudice prong is not satisfied if there is strong evidence of petitioner's guilt. Id. at 172.

To be excused from procedural default on the basis of the fundamental miscarriage of justice exception, petitioner must supplement his constitutional claim with a colorable showing of factual innocence. Kuhlmann v. Wilson, 477 U.S. 436, 454 (1986); Brecheen v. Reynolds, 41 F.3d 1343, 1357 (10th Cir. 1994).

are unavailable or ineffective under the circumstances.  28 U.S.C. § 2254(b)(1).  "Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court.  In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition."  O'Sullivan, 526 U.S. at 842.

Here, petitioner cites only a post-conviction motion that the state district court dismissed without prejudice.  This does not constitute full exhaustion of state court remedies on any claim that petitioner is entitled to assert in a post-conviction proceeding.  To the extent petitioner is seeking review of any such claim, the petition is subject to being dismissed without prejudice.

IT IS THEREFORE ORDERED that petitioner is granted thirty (30) days to pay the $5.00 district court filing fee, or to submit an executed form motion for seeking leave to proceed in forma pauperis that is supported by a certified accounting of the funds available in petitioner's inmate trust fund account.

IT IS FURTHER ORDERED that petitioner is granted thirty (30) days to show cause why the petition should not be dismissed for the procedural reasons identified by the court.

The clerk's office is to provide petitioner with a form motion for filing under 28 U.S.C. § 1915.

**IT IS SO ORDERED.**

DATED:  This 10th day of October 2007 at Topeka, Kansas.

                                                   s/ Sam A. Crow
                                                   SAM A. CROW
                                                   U.S. Senior District Judge