```
              IN THE UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF KANSAS
```

**SAMUEL LEE DARTEZ, II,**

                      Petitioner,

       v.                                CASE NO. 07-3217-SAC

**STATE OF KANSAS,**

                      Respondent.


**O R D E R**

This matter is before the court on a petition for writ of habeas corpus under 28 U.S.C. § 2254, filed pro se by a prisoner incarcerated in El Dorado Correctional Facility in El Dorado, Kansas. By an order dated October 10, 2007, the court directed petitioner to either pay the $5.00 district court filing fee or submit a motion for leave to proceed in forma pauperis under 28 U.S.C. § 1915. In response, petitioner paid the district court filing fee.

The court further directed petitioner to show cause why federal habeas review of petitioner's claims was not barred by petitioner's apparent procedural default in presenting his claims to the state courts. See Coleman v. Thompson, 501 U.S. 722, 749 (1991)("In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice

as a result of the alleged violation of federal law, or demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice."). The court noted petitioner's dismissal of his direct appeal(s) in the two state criminal cases at issue in this matter (Riley County District Court Cases No. 06-CR-367 and 06-CR-481), which did not allow the state appellate courts to review any of petitioner's claims on the merits. To the extent petitioner is now prevented by state court rules from seeking the state appellate courts' review of his claims, federal habeas review of such claims is barred. *See* O'Sullivan v. Boerckel, 526 U.S. 838, 848 (1999)(procedural default doctrine preserves integrity of the exhaustion doctrine which requires prisoners to give state courts a "full and fair" opportunity to resolve petitioner's claims).

Alternatively, the court found dismissal of the petition without prejudice would be appropriate to the extent petitioner sought to raise claims appropriate for state post-conviction review. Although petitioner cites a post-conviction motion the state district court dismissed without prejudice, this does not constitute full exhaustion of state court remedies on any claim raised in that post-conviction action.

In response, petitioner attempts to explain that his appointed trial counsel was ineffective and failed to protect petitioner's rights, and that the state courts failed to help petitioner advance his direct appeal. This showing is insufficient to excuse petitioner's failure to fully and properly exhaust state court remedies on any of his claims. The court thus concludes the

petition should be dismissed.

IT IS THEREFORE ORDERED that the petition is dismissed without prejudice.

**IT IS SO ORDERED.**

DATED:   This 17th day of January 2008 at Topeka, Kansas.


                                    s/ Sam A. Crow
                                    SAM A. CROW
                                    U.S. Senior District Judge